Battle, J.
 

 We concur in the opinion expressed by his Honor, that the petitioners were not entitled to have a writ issued to .the sheriff, for the purpose of having a public road laid off as prayed for in their petition. The motion for the writ was founded upon the judgment given at the Fall Term of the Superior Court in the year 1858. The counsel for the petitioners have misapprehended the effect of that judgment, when taken in connection with the proceedings which were had under it. A part of the judgment was, that a writ of
 
 procedendo
 
 should issue to the County Court, which was accordingly done. This was erroneous, as the Superior Court ought to have proceeded to direct a writ to be issued from its own office.
 
 Shoffner
 
 v.
 
 Fogleman,
 
 Bus., 280. Erroneous though, it were, no objection seems to have been made to it. On the contrary, the parties followed the cause Jo the County Court; pursued it for several years in that court; took it again to the Superior Court by appeal,
 
 *56
 
 and upon its being dismissed, followed it a second time to the County Court, and brought it again to the Superior Court by another appeal. Tired of this chase, the counsel for the petitioners have gone back to that p^,rt of ihe judgment of Fall Term, 1858, which ordered the laying out of the public road, and have based their motion for a writ on that order. Unfortunately for them, the effect of the writ
 
 of procedendo
 
 was, at least, to discontinue the suit in the Superior Court. The parties were, for the time, out of the Superior Court, and if the case could have been reinstated in that court,
 
 in statu quo,
 
 at all, it must have been done by proceedings adopted for that very purpose. The petitioners certainly did not attain that end when they last brought the cause to the Superior Court by appeal. For that however they do not contend, their action being founded altogether upon the idea, that the judgment, at Fall Term, 1858, is still a subsisting, valid judgment. Believing that view to be erroneous, we feel, bound to affirm the order of the Superior Court.
 

 Per Curiam. Order affirmed.